IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LINDA BAUCUM AND KENNETH BAUCUM | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. H-24-0953 |
| JPMORGAN CHASE BANK, N.A., | § § § | |
| Defendant. | § § § | |

## ORDER

Pending before the Court is Defendant's Motion to Dismiss (Document No. 9). Having considered the motion, submissions, and applicable law, the Court determines that Defendant's motion should be granted.

## I. BACKGROUND

This is a real property foreclosure matter. Plaintiff Kenneth Baucum ("Baucum"), on behalf of himself and his deceased mother Linda Baucum ("the Decedent") is the owner of 11811 Miramar Shores Drive, Houston, Texas 77065 (the "Property"). On June 3, 1999, the Decedent purchased the Property, executing a note and deed of trust in which the Defendant JPMorgan Chase Bank, N.A. ("Chase") is identified as the lender. After the Decedent's passing, her son, Baucum, took ownership of the property and assumed the payments of the property to Chase for several years. During the COVID-19 pandemic, Baucum experienced financial

difficulties. After explaining his predicament to Chase, Baucum was placed on a 12-month forbearance program spanning from November 2022 to October 2023. In September 2023, Chase contacted Baucum seeking to rectify the outstanding balance owed.

Baucum alleges Chase failed to explain the process for getting out of forbearance adequately, and "felt lied to" when told by Chase that Baucum would either be required to qualify for a loan modification or post a lump sum payment in order to resume regular mortgage payments upon expiration of the forbearance.[1] In response, Chase contends that it complied with all requirements as a loan servicer under the law.

Based on the foregoing, on May 1, 2024, Baucum filed suit in Harris County District Court asserting claims for: (1) breach of contract; (2) violations of the Texas Property Code; (3) violations of the Texas Debt Collection Act ("TDCA"); (4) common law fraud; and (5) negligent misrepresentation. On March 15, 2024, Chase removed this matter to this Court based on diversity jurisdiction. On June 21, 2024, Chase filed a motion to dismiss for failure to state a claim upon which relief can be granted. Baucum did not respond to Chase's motion to dismiss within either the original response date, or the date of this order.

---

[1] *Plaintiff's Petition*, Document 1, Exhibit A at 11 ¶ 11.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

## III.  LAW & ANALYSIS

Chase moves to dismiss Baucum's causes of action, contending Baucum fails to state any claim upon which relief may be granted. Chase contends dismissal is proper because each of Baucum's claims fail as a matter of law.[2] Baucum did not respond to Chase's motion to dismiss, failing to rebut or offer evidence to counter Chase's contentions. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. The Court will consider, in turn, each claim Chase contends should be dismissed.

A.  *Breach of Contract*

Baucum's complaint alleges Chase violated the deed of trust by attempting to sell the Property at a foreclosure sale scheduled for March 5, 2024, and failed to provide pre-foreclosure notices to Baucum. Chase contends that Baucum's allegations demonstrate that Baucum breached the deed of trust by failing to make payments when due. Chase also contends that Baucum has failed to identify any contract provision breached by Chase or any evidence showing Baucum was damaged due to an alleged breach by Chase. Baucum offers no rebuttal.

---

[2] Chase also makes several arguments that Baucum, acting as the son and successor in interest of the Decedent, does not have standing to enforce the dead of trust, which was signed by the Decedent prior to her passing. Since the Court finds that none of Baucum's claims state a claim upon which relief can be granted on a basis independent from standing, the Court declines to consider Chase's standing arguments.

When exercising diversity jurisdiction over a question based upon state law, federal courts should apply the substantive law of that state. *Crisalli v. ARX Holding Corp.*, 177 F. App'x 417, 419 (5th Cir. 2006) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 72 (1938)). Contract law is an area of state law. *Crisalli*, 177 F App'x. at 419 (*citing Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 686 (1996)). Texas law, therefore, governs a suit for breach of contract. To succeed on a claim for breach of contract under Texas law, a plaintiff must show: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex.App.–Houston [14th Dist.] 2005, pet. denied)).

Most pertinent in the present matter, the Fifth Circuit has made clear that in instances where a complaint lacks allegations that can plausibly support the required elements of a claim, the claim should be dismissed. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). The Fifth Circuit has also made clear that a complaint containing only a general allegation lacks the further factual enhancement needed to state a plausible breach of contract claim by failing to put a Defendant on notice as to the nature of the contract breach. *See Guajardo v. JP Morgan Chase Bank, N.A.*, 605 Fed. Appx. 240, 243 (5th Cir. 2015) (affirming a district court's

dismissal of a breach of contract claim wherein a plaintiff only alleged generally that the Defendant breached unspecified contract provisions); *Williams v. Wells Fargo Bank, N.A.*, 560 Fed.Appx. 233, 238 (5th Cir. 2014) ("[A] claim for breach of a note and deed of trust must identify the specific provision in the contract that was breached.").

In reviewing the language of Baucum's breach of contract claim, the claim spanned a total of two sentences, stating that "there exists a valid, enforceable contract between Plaintiff and Defendant; Plaintiff has standing to sue for breach of contract; Plaintiff performed, tendered performance, or was excused from performing its contractual obligations; Defendant breached the contract; and the breach of contract by Defendant caused Plaintiff's injury."[3] Given the Fifth Circuit's guidance that a plaintiff must provide sufficient specificity regarding the provisions of the contract allegedly breached, the Court finds that a mere recitation of the elements of a breach of contract claim are insufficient to meet Baucum's required pleading standard. As noted by Chase, Baucum's claim fails to provide any specificity regarding what contract or provision of a contract Chase breached. Accordingly, the Court finds Baucum's breach of contract claim should be

---

[3] *Plaintiff's Petition*, Document 1, Exhibit A at 13 ¶ 17.

dismissed. The Court now addresses Baucum's claim regarding an alleged violation of the Texas Property Code.

B.   *Violation of Texas Property Code*

Baucum's complaint alleges that Chase violated section 5.065 of the Texas Property Code by failing to provide him with "proper and timely notice of default, the opportunity to cure the default, notice of intent to accelerate the debt, notice of acceleration, and notice of foreclosure sale."[4] Chase contends that Baucum's claim fails as a matter of law because section 5.065 is inapplicable to mortgage loan contracts. Baucum offers no rebuttal.

Under Section 5.065 of the Texas Property Code, "a purchaser in default under an executory contract for the conveyance of real property" maintains a right to cure default and avoid enforcement of a seller's remedy within thirty days after the date notice is given. TEX. PROP. CODE § 5.065. Here, Chase contends that Section 5.065 is inapplicable in the present matter because the case involves a mortgage loan, not an executory contract. Chase contends that no allegation in Baucum's complaint suggests any executory contract exists, and further notes that Baucum identifies the nature of the loan in dispute as a mortgage loan in its

---

[4] *Plaintiff's Petition*, Document 1, Exhibit A at 17 ¶ 32.

complaint,[5] and thus, is unable to rely upon a section of the Texas Property Code that requires the contract in dispute to be executory in nature. Based on the foregoing, the Court finds that Chase has shown that Baucum failed to adequately state a violation of Texas Property Code claim, and thus, the claim should be denied. The Court now addresses Baucum's claim regarding an alleged breach of the TDCA.

C.  *Violations of the Texas Debt Collection Act*

Baucum's complaint alleges that Chase violated portions of Section 392.304(a) of the TDCA, contending that Chase fraudulently misrepresented certain items to Baucum, and used deceptive means to collect a debt. Chase contends that Baucum fails to identify any TDCA violation committed by Chase, or any damages sustained as a result of such violation. Baucum offers no rebuttal.

To state a claim under the TDCA, a plaintiff must allege that: (1) the debt owed is a consumer debt; (2) the defendant is a debt collector as defined by the TDCA; (3) and the defendant committed a wrongful act in violation of the TDCA against the plaintiff; (4) and the plaintiff was injured as a result. *See* Tex. Fin. Code §§ 392.001–392.404. Under the TDCA, a debt collector is not precluded from "exercising or threatening to exercise a statutory or contractual right of seizure,

---

[5] *Plaintiff's Petition*, Document 1, Exhibit A at 10 ¶ 7.

8

repossession, or sale that does not require court proceedings." Tex. Fin. Code § 392.301(b)(3).

Here, Baucum's complaint alleges that Chase violated the TDCA by seeking to foreclose while violating the Texas Property Code. More specifically, Baucum argues that Chase "used a fraudulent, deceptive, or misleading representation that misrepresents the character extent, or amount of the consumer debt" in violation of Tex. Fin. Code § 392.304(a)(8). Chase contends that Baucum has not alleged any facts that shows Chase lacked the contractual right to foreclose. The Court notes that Baucum failed to provide any evidence identifying the character, extent, or amount of debt owed that is required under the law, but rather, made general statements about Chase informing Baucum of the options available to repay the outstanding balance of his mortgage loan that accrued during the forbearance period. Additionally, Chase contends that Baucum has failed to allege any facts that would show any TDCA violation caused Baucum damage, noting that no foreclosure sale has actually occurred. Baucum did not respond or offer any evidence that the TDCA should apply or that he has suffered any damage from a violation of the TDCA. Accordingly, the Court finds that Baucum's TDCA claim should be dismissed. The Court now turns to Baucum's common law fraud claim.

D.     *Common Law Fraud*

Baucum's complaint alleges Chase made false and material misrepresentations to Baucum when informing him that his loan would be placed in forbearance, neglecting to inform him that he would be required to qualify for loan modification or pay the lump sum required at the end of the forbearance period. Baucum's complaint further alleges that Chase engaged in deception by not informing Baucum of repayment options until a month before the forbearance period expired, resulting in Baucum's injury. Chase contends that Baucum fails to identify any single false representation made by Chase, nor any individual authorized to make representations on behalf of Chase. Chase further contends that Baucum fails to allege any facts with the required specificity to show Chase made a false statement upon which Baucum relied that caused him damage. Baucum offers no rebuttal.

Under the Federal Rules of Civil Procedure, a claim alleging common law fraud must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Fifth Circuit has made clear that in order to plead a claim of common law fraud with required particularity, a Plaintiff must allege the "time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997) (citing *Tuchman v. DSC Communications Corp.*, 14 F.3d 1031, 1068 (5th Cir. 1994)).

10

Here, Chase contends that Baucum's common law fraud claim fails for several reasons. First, Baucum's complaint fails to specify any identities of person's Baucum spoke with at Chase who allegedly made the misrepresentation, instead providing general descriptions alleging a phone call took place. Second, Baucum's complaint fails to identify the specific timing the phone calls with Chase representatives allegedly took place, instead generally referencing that a call occurred sometime before the close of the forbearance period. Third, Baucum's complaint fails to state with any particularity the actual false or fraudulent statements allegedly made by Chase employees. Rather than allege the specific statements made by Chase, Baucum's complaint relies upon the premise that Chase should have provided earlier communications to Baucum articulating his options for repayment at the end of forbearance. The Court finds no specific language offered in Baucum's complaint that identifies a fraudulent statement made by Chase. Thus, given the Fifth Circuit's guidance that a plaintiff must be specific as to the timing, identity, and contents of fraudulent statements, the Court finds that Baucum's common law fraud claim should be dismissed. The Court now addresses Baucum's negligent misrepresentation claim.

E.   *Negligent Misrepresentation*

Baucum's complaint alleges that Chase "made false representations of material facts … regarding the loan modification process … with the intention that

11

[Baucum] rely and act on such representations."⁶ Chase contends that Baucum is asserting negligent misrepresentation based on general allegations that Chase made false representations regarding the loan modification process, the same allegations that underpin the fraud claims Baucum raises. Chase further contends that Plaintiff has "failed to specify the 'who, what, when, where, and how'" of the alleged fraud and misrepresentation required under Federal Rule of Civil Procedure 9(b).⁷ Baucum offers no rebuttal.

Under Texas law, to state a cause of action for negligent misrepresentation, a plaintiff must show: "(1) a representation made by a defendant in the course of its business or in a transaction in which it has a pecuniary interest; (2) the representation conveyed 'false information' for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation." *JP Morgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.d 648, 653-54 (Tex. 2018) (citing *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1992). The Fifth Circuit has made clear that when a plaintiff's fraud and negligent misrepresentation claims are

---

⁶ *Plaintiff's Petition*, Document No. 1, Exhibit A at 17 ¶ 34.

⁷ *Defendant JP Morgan Chase Bank, N.A.'s Motion to Dismiss Complaint*, Document No. 9 at 18.

based on the same set of alleged facts, Federal Rule of Civil Procedure 9(b)'s heightened pleading requirements requiring additional specificity apply. *Bechmark Elecs., Inc. v. J.W. Huber Corp.,* 343 F.3d 719, 723 (5th Cir. 2003).

Here, Baucum's negligent misrepresentation claim fails to state a claim upon which relief can be granted by failing to meet the required specificity under Rule 9(b), by failing to identify any individual who may have made a misrepresentation, or the date or location of any alleged misrepresentation. Given the Fifth Circuit's clear guidance that a plaintiff must be specific as to the timing, identity, and contents of alleged negligent misrepresentations, the Court finds that Baucum's negligent misrepresentation claim should be dismissed.

Accordingly, the Court finds that Chase's motion to dismiss should be granted.[8]

## IV.  CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant's Motion to Dismiss (Document No. 9) is **GRANTED**. The Court further

---

[8] Baucum also requests injunctive relief and damages. Given the Court's finding that Baucum has stated no causes of action upon which relief can be granted, the Court declines to award attorney's fees or damages in the present matter.

13

**ORDERS** that Plaintiff Linda Baucum and Kenneth Baucum's claims against Defendant JPMorgan Chase Bank N.A. are **DISMISSED**.

SIGNED at Houston, Texas, on this 11th day of July, 2024.

_____
DAVID HITTNER
United States District Judge